808 BK LLLC
Lars Peterson
745 Fort St #801
Honolulu, HI 96813
808.589.1010
Lars@808bk.com

Lewis W. Siegel
60 East 42nd Street - Suite 4600
New York, NY 10165
(212) 286-0010
LWS@LWSEsq.com

Co-Counsel for Hawaii Brewery Development Co., Inc.,  Debtor and Debtor in Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

---------------------------------------------------------------x

**In re**

**Hawaii Brewery Development Co., Inc.**

**Debtor and Debtor-in-Possession**

**Bk. No. 26-00311**
**(Chapter 11 - Subchapter V)**

**Hearing:**
**Date: _____, 2026**
**Time: _____ __.m.**
**Judge: Hon. Robert J. Faris**

**Related Docket Nos. ___**

---------------------------------------------------------------x

**Debtor's Amended Motion for an
Interim Order Authorizing Debtor to Use Cash Collateral and
Scheduling a Final Hearing under Bankruptcy Rule 4001(b)**

Hawaii Brewery Development Co., Inc., the debtor and debtor in possession ("Debtor"),

by its proposed attorneys, Lewis W. Siegel and 808 BK LLLC, submits this motion (the

"Motion") seeking the entry of an interim order (the "Interim Order"), pursuant to sections 105,

361 and 363 of Title 11 of the United States Code, (the "Bankruptcy Code"), Rule 4001 of the

Federal Rules of Bankruptcy Procedure (the "Rules"):

(a) authorizing Debtor, on an interim basis, to use the Cash Collateral (as defined below) of the Bank of Hawaii ("BOH") and the U.S. Small Business Administration (the "SBA") on an interim basis; and

(b) scheduling a hearing (the "Final Hearing") to consider the entry of a final order (the "Final Order") authorizing Debtor's use of the Cash Collateral.

In support of this Motion, Debtor respectfully represents as follows:

### Introduction and Background

1. On April 16, 2026 (the "Petition Date"), Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii (the "Court"). Wayne K.T. Mau (the "Subchapter V Trustee") has been appointed as Subchapter V Trustee for the case.

2. Debtor continues to operate its business and manage its property as a debtor-in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee (other than the Subchapter V Trustee), examiner or committee has been appointed in this case.

3. Debtor is a Hawaiian corporation that was incorporated in 1986.

4. The Declaration of Amy Bender in Support of this Motions (the "Bender Declaration") filed contemporaneously herewith is incorporated herein by reference.

### Debtor's Assets

5. Debtor's principal material assets are:

(a) a 8+ acre parcel of land (the "Water Rights Property") located at 16-305 Old Volcano Rd., Keaau, HI 96729 which has commercial water rights. A portion of the Water Rights Property was being leased to Hawaiian Springs LLC ("Hawaiian Springs"). Debtor

2

U.S. Bankruptcy Court - Hawaii   #26-00311   Dkt # 35   Filed  05/12/26   Page 2 of 18

believes the lease (the "Hawaiian Springs Lease") to Hawaiian Springs has been breached and should be terminated. Currently, the holdover payments from the Hawaiian Springs Lease being received by Debtor are approximately $11,500 per month.

(b) the payments due under a March 8, 2022 Agreement of Sale (the "KAL A/S") from Ke'Aloha'Lani II LLC arising from the Debtor's sale of real property adjacent to the Water Rights Property with an approximate remaining balance of $2,017,000 payable at the rate of approximately $31,000 per month. While Debtor holds legal title to the lot, the KAL A/S is recorded in the land records, and legal title will transfer on the completion of the payments under the KAL A/S.

(c) the proceeds from a Power Purchase Agreement (the "PPA") under which Hawaiian Springs purchases power from Debtor. The proceeds from the PPA have ranged from about $2,250 to about $8,250 per month.

### Debtor's Secured Creditors

6. Debtor has two secured creditors:

(a) BOH, which made a loan (the "BOH Loan") to Debtor in the original principal amount of approximately $798,325 in February 2025. The BOH Loan is secured by a duly filed first mortgage on the Water Rights Property, and a duly perfected second (to the SBA) security interest in HBDC's rights to receive payments in the KAL A/S. The current balance of the BOH Loan is approximately $737,000. The monthly payments on the BOH Loan are $11,855 per month; and

(b) The SBA, which extended an "EIDL" loan (the "SBA Loan") to Debtor in 2020 in the original principal amount of $94,000. The SBA Loan is secured by a first position

3

U.S. Bankruptcy Court - Hawaii   #26-00311   Dkt # 35   Filed   05/12/26   Page 3 of 18

security interest in virtually all of the personal property of Debtor, including the KAL A/S. The current balance of the SBA Loan is approximately $96,282. The monthly payments on the SBA Loan are, interest only, $459 per month.

**Use of Cash Collateral and Adequate Protection**

7. The Debtor seeks to use cash collateral as that term is defined in section 363(a) of the Bankruptcy Code ("Cash Collateral") of BOH and the SBA (together, the "Secured Creditors", and each a "Secured Creditor") pursuant to a budget for the period May 1, 2026 through July 31, 2026 (the "Budget") attached hereto as Exhibit A. The use of the Cash Collateral would be to pay the post-petition costs and expenses of the continued operations of its business. The use shall be limited to payment of not more than 120% of the expenses each period (on an aggregate and cumulative basis), as set forth in the Budget, provided, however, that Debtor is not limited by line item with respect to actual expenses. The expenses for which authority is being sought include: paying adequate protection to the Secured Creditors, and the reasonable and ordinary expenses of operating its business, including, without limitation, salaries, taxes, utility services, insurance, vendor and supplier services, and other expenditures as are necessary for operating the businesses and preserving its going concern value.

8. The Budget shows that the Debtor estate will cash flow positively over the budget period.

9. Debtor proposes to provide adequate protection for the use of Cash Collateral by providing the Secured Lenders with:

(a) Adequate Protection Payments. The Debtor proposes to continue to make payments to BOH in the amount of $11,855 per month, and to the SBA in the amount of $459

4

U.S. Bankruptcy Court - Hawaii  #26-00311  Dkt # 35  Filed  05/12/26  Page 4 of 18

per month.

(b)    Replacement Liens. Debtor proposes to grant Secured Creditors replacement liens (the "Replacement Liens") in the estate's postpetition assets, and the proceeds thereof (the "Replacement Collateral"), to the same extent and priority as the lien held by a Secured Creditor in the pre-petition collateral as of the Petition Date, limited to the amount of pre-petition collateral as of the Petition Date. The Replacement Liens would be subject to the same rights and challenges by, or on behalf of, Debtor. The amount secured by the Replacement Liens shall be equal to any actual net diminution of a Secured Creditor's Cash Collateral due to Debtor's use thereof. The Replacement Liens shall be valid, perfected and enforceable against the Replacement Collateral without further filing or recording of any document or instrument or the taking of any further action.

10.    At this time, Debtor is not seeking authority to use the Cash Collateral to pay other non-operating expenses of the Debtor's bankruptcy such as the fees and reimbursement of costs to professionals from the Cash Collateral, but reserves the right to do seek such authority.

11.    The Replacement Liens shall be subordinate and subject to the following (collectively, the "Carve Out"): (i) the payment of allowed professional fees and disbursements incurred by the Subchapter V Trustee, (ii) any recoveries in favor of the estate pursuant to Chapter 5 of the Bankruptcy Code; and (iii) any Court approved trustee's fees and expenses in the event this case is converted to a proceeding under Chapter 7 of the Bankruptcy Code; provided, however, the terms "fees" and "expenses" do not include the fees and expenses of professionals employed by a Chapter 7 trustee.

5

U.S. Bankruptcy Court - Hawaii   #26-00311   Dkt # 35   Filed  05/12/26   Page 5 of 18

<center>**Jurisdiction**</center>

12.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding as that term is defined within 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

<center>**Relief Requested**</center>

13.     By this Motion, Debtor requests the entry of an order:

(a)     authorizing Debtor to use the Cash Collateral, in which the Secured Creditors have an interest, on an interim basis in accordance with the Budget;

(b)     granting of adequate protection to the Secured Creditors with respect to the use of the Cash Collateral; and

(c)     scheduling a Final Hearing to be held no earlier than fourteen (14) days after the entry of the Order to consider the entry of the Final Order. Debtor reserves the right of any party in interest to challenge any and all amounts owed to the Secured Creditors.

<center>**Basis for Relief**</center>

14.     Bankruptcy Code §363 governs a debtor's use of property of the estate. Bankruptcy Code §363(c)(1) provides, in pertinent part, that: If the business of a debtor is authorized to be operated under section 1108 of this title and unless the court orders otherwise, the trustee  may use property of the estate in the ordinary course of business without notice or a hearing.

15.     Bankruptcy Code §363(c)(2), however, provides an exception with respect to "cash collateral" to the general grant of authority to use property of the estate in the ordinary course as set forth in Bankruptcy Code §363. Specifically, a trustee or debtor in possession may

<center>6</center>

not use, sell, or lease "cash collateral" under subsection (c)(1) unless:

> (A) each entity that has an interest in such collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

16.     Accordingly, under Bankruptcy Code §363(c)(2), a debtor may not use Cash Collateral without either the consent of the secured party, or, approval from the Court. While Debtor anticipates that the Secured Creditors will consent to the use of the Cash Collateral, Debtor submits, that under the circumstances here, including Debtor's need to use Cash Collateral and the adequate protection afforded to the Secured Creditors, Debtor's request to use Cash Collateral should be granted.

<p align="center"><strong><u>Debtor's Need to Use Cash Collateral</u></strong></p>

17.     Debtor has significant and immediate cash needs to continue paying its ongoing obligations as a debtor in possession and propose a plan of reorganization and emerge from bankruptcy. Reorganization under Chapter 11 is critical to preserving Debtor's value as a going concern. The Budget shows Debtor's anticipated receipts and expenses for the period from May 1, 2026 through July 31, 2026. As of the filing date, Debtor had only approximately $8,000 in its bank accounts.

18.     Debtor's immediate need for the use of Cash Collateral is based upon Debtor's need to meet rent obligations, payroll obligations, insurance obligations, utility obligations, and other operating expenses. By meeting these post-petition, administrative expenses, Debtor shall protect the assets of its creditors and preserve the value of its business as a going concern.

19.     Absent authorization to use Cash Collateral to allow this Debtor to continue its post-petition operation, Debtor, its estate, and its creditors shall suffer immediate and irreparable

<p align="center">7</p>

U.S. Bankruptcy Court - Hawaii   #26-00311   Dkt # 35   Filed  05/12/26   Page 7 of 18

harm.

<center>**Proposed Adequate Protection**</center>

20.    To the extent that a Secured Creditor's interest in its Cash Collateral constitutes a valid and perfected security interest and lien as of the Petition Date, it is entitled, pursuant to §§361 and 363(e) of the Bankruptcy Code, to adequate protection of its interests in the Cash Collateral. Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in Cash Collateral used or proposed to be used by Debtor, the Court shall prohibit or condition such use as is necessary to provide "adequate protection" of that interest.

21.    What constitutes "adequate protection" is a "fact-specific inquiry". *See, In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996). The purpose of adequate protection is to prevent the diminution in the value of the secured creditor's interest in their collateral during the reorganization process. *See, In re WorldCom. Inc.*, 304 B.R. 611, 618-19 (Bankr. S.D.N.Y. 2004) ("The legislative history for section 361 of the Bankruptcy Code, which sets forth adequate protection may be provided under section 363, makes clear that the purpose is to insure that the secured creditor receives value for which the creditor bargained for prior to Debtor's bankruptcy."): *In re Gallegos Research Group Corp.*, 193 B.R. 577, 584 (Bankr. D. Colo. 1995) (*citing United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc. Ltd.,* 484 U.S. 365 (1988))

> ("[T]o determine whether an entity is entitled to adequate protection and the type and amount of adequate protection required, a court must determine the value of the collateral; the creditor's interest in the collateral and the extent to which that value will decrease during the course of the bankruptcy case"); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986) (focus is on protection of the secured creditor from diminution in value of its collateral during reorganization process). However, "[a]dequate protection, not absolute protection, is the statutory

<center>8</center>

standard." *In re Beker Indus.*, 58 B.R. at 736.

22.     Given the equity cushions (the amount by which the value of the collateral of each Secured Creditor exceeds the amount due to such Secured Creditor) - this Court would be acting properly in allow the use of Cash Collateral even without monthly adequate protection payments. See *In re Shivshankar P'ship LLC*, 517 B.R. 812, 817 (Bankr. E.D. Tenn. 2014)

> "Adequate protection comes in a variety of forms, including periodic payments, additional or replacement liens, and other relief that provides the 'indubitable equivalent' to the protections afforded to the creditor outside of bankruptcy." In re Biltwood Props. LLC, 473 B.R. 70, 74 (Bankr. M.D. Pa. 2012) (citing among other authority 11 U.S.C. § 361 (2006)). In addition to the statutory forms found in § 361, adequate protection may also be accomplished through the existence of an equity cushion, or "'value in the property, [**9]  above the amount owed to the secured creditors . . . that will shield that interest from loss due to a decrease in the property's value during the time the automatic stay remains in effect.'" In re Norton, 347 B.R. 291, 298 (Bankr. E.D. Tenn. 2006) (quoting Sumitomo Trust & Banking Co. v. Holly's Inc. (In re Holly's Inc.), 140 B.R. 643, 697 n.87 (Bankr. W.D. Mich. 1992)) (brackets omitted)." (Emphasis added)

23.     The SBA and BOH have indicated that they will consent to the use of the Cash Collateral under the terms of the attached proposed order.

### Notice

24.     Notice of the Motion shall be given to: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee (iii) Debtor's 20 largest unsecured creditors; (iv) the Secured Creditors;  (v) other parties listed in Debtor's list of creditors submitted with its Petition; and (vi) any party having filed a notice of appearance in the case.

### No Prior Request

25.     Debtor has not previously sought the relief sought herein before this Motion.

9

**WHEREFORE**, Debtor respectfully requests that this Court enter an Order substantially in the form attached: (i) authorizing the use of Cash Collateral on an interim basis; (ii) scheduling a Final Hearing on the use of Cash Collateral; and (iii) granting such other, further and different relief that this Court deems just, proper and equitable under the facts and circumstances herein.

Dated: May 12, 2026

<div style="margin-left:40%">

Lewis W. Siegel
Attorney for
Hawaii Brewery Development Co., Inc.

/s/ Lewis W. Siegel

_____

60 East 42nd Street - Suite 4600
New York, NY 10165
(212) 286-0010

</div>

10

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

-------------------------------------------------------------x

In re

Hawaii Brewery Development Co., Inc.

        Debtor and Debtor-in-Possession

-------------------------------------------------------------x

Bk. No. 26-00311

(Chapter 11 - Subchapter V)

**Declaration of Amy Bender in Support
Of Debtor's Motion to Use Cash Collateral**

Amy Bender, hereby declares that, I am over the age of 18 years old, I am competent to make this declaration, and I make this declaration upon my personal knowledge, except as otherwise stated. If called and sworn as a witness, I could and would testify as follows:

1. I am the Vice President of Hawaii Brewery Development Co., Inc. ("Debtor") the debtor and debtor-in-possession herein.

2. I have reviewed Debtor's Motion for an Interim Order Authorizing the Use of Cash Collateral and related relief (the "Motion").

3. All of the facts set forth in the Motion are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief. case, together with such other and further relief as this Court deems just and proper.

Dated: May 12, 2026

                        /s/ Amy Bender

                        _____

                        Amy Bender

<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

</div>

```
----------------------------------------------------------x
```

In re                                        **Bk. No. 26-00311**
                                             **(Chapter 11 - Subchapter V)**

**Hawaii Brewery Development Co., Inc.**

<div align="center">

**Debtor and Debtor-in-Possession**

</div>

```
----------------------------------------------------------x
```

<div align="center">

**Stipulated Order Authorizing Interim Use of Cash
Collateral and Scheduling Final Hearing**

</div>

This Stipulated Order is entered into by and between Hawaii Brewery Development Co., Inc. debtor and debtor-in-possession ("Debtor"), Bank of Hawaii ("BOH") and the U.S. Small Business Administration ("SBA"), effective as of May 1, 2026, and shall expire on July 31, 2026.

<div align="center">

**WHEREAS:**

</div>

A.      On May 12, 2026 the Debtor filed its amended Motion for an Interim Order Authorizing Debtor to Use Cash Collateral and Scheduling a Final Hearing under Bankruptcy Rule 4001(b) (the "Motion").

B.      BOH extended a loan (the "BOH Loan") to Debtor in February 2025 in the original principal amount of $798,324.47. The BOH Loan is secured by a duly filed first mortgage on the Water Rights Property (as defined in the Motion), and a duly perfected second (to the SBA) security interest in HBDC's rights to receive payments in the KAL A/S (as defined in the Motion).

C.      The SBA extended an "EIDL" Loan No. 9634867803 in 2020, in the original

principal amount of $94,000 to Debtor which is secured by a first priority security interest in the KAL A/S.

D. The loans of BOH and the SBA (together, "Secured Creditors") are secured by an interest in the Debtor's "Cash Collateral" as that term is defined in the Bankruptcy Code.

E. On April 16, 2026, the Debtor filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii (the "Court") and is continuing to manage its affairs as the debtor-in-possession, pursuant to Sections 1107 and 1008 of the Bankruptcy Code.

F. At an emergency hearing held on May _____ , 2026, the Court granted the Motion on an interim basis, and approved the Debtor's proposed Budget, pending a final hearing on the Motion, scheduled for _____ , 2026.

G. The Debtor and Secured Creditors have agreed on the terms of the Debtor's continued use of cash collateral for the period from May 1, 2026 to and including July 31, 2026 (the "Interim Period").

NOW, THEREFORE, based on the foregoing recitals, the Debtor and Secured Creditors hereby agree and stipulate as follows:

1. Pending a final hearing on the Motion, the Debtor is authorized to use Cash Collateral as that term is defined in the Motion. This authorization entitles the Debtor to: (i) use pre-petition cash collateral of the Secured Creditors in the ordinary course of the Debtor's operations to pay what the Debtor determines to be reasonable and ordinary expenses of operating and maintaining the Debtor, in accordance with the Budget attached as Exhibit "A" hereto; and (ii) exceed the budget by twenty percent (20%) each period (on an aggregate and cumulative basis).

2. The Debtor shall continue to make monthly payments to BOH at a rate of $11,855 per month, and to the SBA at a rate of $459 per month, until a further hearing on the Motion, which will be held on _____, 2026 at _____ __. m.

3. The authorization to use Cash Collateral on an interim basis conferred by this Order is without prejudice to (i) any party's position regarding the validity, perfection, priority, enforceability, and/or extent of the security interests and other rights of the Secured Creditors, (ii) Secured Creditors' right to seek an order terminating the use of cash collateral or to establish the validity and perfection of its security interest or to otherwise seek relief from this Court; (iii) the Secured Creditors' right to request higher adequate protection payments; or (iv) the Debtor's right to contend that no adequate protection payments are necessary.

4. The Secured Creditors are each hereby granted replacement liens (the "Replacement Liens") in the estate's post-petition assets, and the proceeds thereof (the "Replacement Collateral") in all of the Debtor's post-petition cash on hand, receivables and other personal property, together with any other newly acquired assets of the Debtor, except claims which the Debtor has to avoid transfers and recover property by means of "avoidance" and other "strong arm" powers under the Bankruptcy Code, with the same priority and extent as their existing security interests in the Cash Collateral. The amount secured by each Secured Creditor's Replacement Lien shall be equal to any actual net diminution of the Secured Creditors' interest, existing as of the Petition Date, in the Debtor's assets (the "Prepetition Collateral"), due to the Debtor's actual use thereof, to the same extent and priority as any lien held by a Secured Creditor in the Pre-Petition Collateral as of the Petition Date, limited to the amount of Pre-Petition Collateral as of the Petition Date.

5. The Replacement Liens shall be subordinate and subject to the following

U.S. Bankruptcy Court - Hawaii   #26-00311   Dkt # 35   Filed  05/12/26   Page 14 of 18

(collectively, the "Carve Out"): (i) the payment of allowed professional fees and disbursements incurred by the Subchapter V Trustee, (ii) any recoveries in favor of the estate pursuant to Chapter 5 of the Bankruptcy Code; and (iii) any Court approved trustee's fees and expenses in the event this case is converted to a proceeding under Chapter 7 of the Bankruptcy Code; provided, however, the terms "fees" and "expenses" do not include the fees and expenses of professionals employed by a Chapter 7 trustee.

6.      The Replacement Liens shall be perfected by operation of law upon the filing of this Order. The Secured Creditors shall not be required to file or record any financing statements, mortgages or other documents in any jurisdiction to give notices to or receive acknowledgments or consents from any Person, or to take any other action to validate or perfect the liens and security interests granted hereunder. This Order shall be deemed sufficient and conclusive evidence of the validity and perfection of the liens and security interests granted hereunder.

7.      To the extent that any or all of the provisions of this Order are hereafter modified, vacated, reversed, terminated, amended or stayed by subsequent order of this Court or any other court, that occurrence shall not affect the validity or enforceability of any lien or priority authorized hereby, including the Replacement Liens, with respect to any such debt to any Secured Creditor. Notwithstanding any such modification, vacation, termination, reversal, amendment or stay, any lien or priority authorized hereby, including the Replacement Liens, arising prior thereto shall be governed in all respects by the original provisions of this Order and such Secured Creditor shall be entitled to all of the rights, privileges and benefits granted hereby with respect thereto.

8.      The Debtor may supplement the Motion on or before _____ , 2026, and any responses to the Motion shall be filed on or before _____ , 2026

9. A further hearing on the Motion shall be held on _____, 2026 at _____ __.m.

U.S. Bankruptcy Court - Hawaii   #26-00311   Dkt # 35   Filed  05/12/26   Page 16 of 18

Exhibit "A"
Budget May 1, 2026 - July 31, 2026

| Actual / Forecast | Forecast 1 | Forecast 2 | Forecast 3 |
|---|---|---|---|
| **Month** | **1** | **2** | **3** |
| **Month Beginning** | **1-May** | **1-Jun** | **1-Jul** |
| **Month Ending** | **31-May** | **30-Jun** | **31-Jul** |
| **Cash Inflows** | | | |
| Holdover Rent | 11,117.00 | 11,117.00 | 11,117.00 |
| Energy Consumption (Approximate - ranges ) | 2,500.00 | 2,500.00 | 2,500.00 |
| Agreement of Sale | 31,024.16 | 31,024.16 | 31,024.16 |
| **Total Cash Inflows** | **44,641.16** | **44,641.16** | **44,641.16** |
| **Cash Outflows** | | | |
| Payroll Taxes | (4,268.34) | (4,268.34) | (4,268.34) |
| Payroll | (11,319.74) | (11,319.74) | (11,319.74) |
| Insurance: General Liability, Causalty, Property (Solar Panel), Automobile (no owned automobiles) *some policies renew in July,using last year's financing amount as an estimate for July | (3,618.30) | (3,618.30) | (5,934.90) |
| Phone/Internet | (83.25) | (83.25) | (83.25) |
| Dental Insruance | (86.00) | (86.00) | (86.00) |
| GET (average 2025 monthly amount | (1,255.09) | (1,255.09) | (1,255.09) |
| BOH Loan / Mortgage | (11,855.00) | (11,855.00) | (11,855.00) |
| SBA Loan | (459.00) | (459.00) | (459.00) |
| Bookkeeping Service | (460.73) | (460.73) | (460.73) |
| Payroll Service | (126.02) | (126.02) | (126.02) |
| **Total Cash Outflows** | **(33,531.47)** | **(33,531.47)** | **(35,848.07)** |
| Net Cash Flow | 11,109.69 | 11,109.69 | 8,793.09 |

Above numbers are exclusive of professional fees

U.S. Bankruptcy Court - Hawaii   #26-00311   Dkt # 35   Filed  05/12/26   Page 17 of 18

**END OF ORDER**

APPROVED AS TO FORM:
Ashford & Wriston
/s/ Cuyler Shaw
Attorneys for Bank of Hawaii

KENNETH M. SORENSON
United States Attorney
District of Hawaii
By /s/ Edric M. Ching
Assistant U.S. Attorney
Attorney for U.S. Small Business Administration

Submitted by:
/s/ Lewis W. Siegel
/s/ Lars Peterson
Attorneys for Debtor and Debtor-in-Possession